IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NANCY HAMPTON                                                                                    PLAINTIFF

vs.                                          Civil No. 4:16-cv-04072

NANCY A. BERRYHILL                                                                          DEFENDANT
Acting Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Nancy Hampton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    <u>Background:</u>**

Plaintiff protectively filed her current disability application on August 16, 2012. (Tr. 12). In this application, Plaintiff alleges being disabled due to a number of impairments: bulging discs, degeneration in the back, knee trouble, and hip trouble. (Tr. 200). Plaintiff alleges an onset date of January 13, 2002. (Tr. 164). Her application was denied initially and again upon reconsideration. (Tr. 59-70).

Plaintiff requested an administrative hearing on her denied application. (Tr. 99-101). This request was granted, and Plaintiff's initial administrative hearing was held on June 10, 2014. (Tr.

50-57). Thereafter, the ALJ held a second administrative hearing on January 21, 2015. (Tr. 26-49). This second administrative hearing was held in Texarkana, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Thomas[1] testified at this hearing. *Id.*

On April 22, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-20). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 16, 2012, her application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with herniated nucleus pulposus; obesity; and left knee degenerative joint disease status post arthroscopy. (Tr. 14, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 3).

In this opinion, the ALJ determined Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI). (Tr. 19, Finding 6). As for her education, the ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 19, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the

---

[1] The first name of Mr. Thomas is not included in the transcript.

> claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps/stairs but not ladders, ropes or scaffolds; must be allowed to shift positions while seated at will and must be able to stand from the seated position every 30 minutes.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 19, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony and considering her RFC, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) patcher with 6,800 such jobs in the nation and (2) touch-up screener with 8,500 such jobs in the nation. (Tr. 20). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from August 16, 2012 through the date of his decision or through April 22, 2015. (Tr. 20, Finding 10).

Plaintiff sought review with the Appeals Council. On June 28, 2016, the Appeals Council denied her request for review. (Tr. 1-3). On August 2, 2016, Plaintiff filed a Complaint in her case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the following: (A) the ALJ improperly determined her impairments did not meet the requirements of Listing 1.02 and 1.04; and (B) the ALJ erred in discrediting the opinions of Dr. Shailesh C. Vora, M.D. ECF No. 11 at 8-17. Defendant has responded to Plaintiff's appeal brief and claims her case should be affirmed. ECF No. 12. The Court will consider both of these arguments.

A. **Listings 1.02 and Listing 1.04**

Plaintiff claims her impairments meet the requirements of the Listings 1.02 and 1.04. ECF No. 11 at 8-15. Listing 1.02 requires a demonstration of the following:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imagining of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). . . .

Listing 1.04 requires a demonstration of the following:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. . . .

Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden on this issue.

Notably, Plaintiff has not demonstrated which "gross anatomical deformity" she has. Plaintiff has also not demonstrated which one of the "disorders of the spine" she has. Instead, in her briefing, Plaintiff claims she has suffered from "chronic back pain for years" and supplied medical records supporting that claim. ECF No. 11 at 8-15. Plaintiff, however, again does not demonstrate *how* these impairments demonstrate she meets the *specific* requirements of these Listings. Without more, the Court cannot find Plaintiff has met her burden on this issue. Indeed, simply because Plaintiff suffers from a number of different impairments and chronic back pain does not demonstrate she is disabled or that her impairments meet the requirements of Listings 1.02 and 1.04.

### B. RFC Determination

Plaintiff claims the ALJ erred in evaluating her RFC because he failed to afford the proper weight to the findings of Dr. Vora. ECF No. 11 at 15-18. Notably, Plaintiff argues Dr. Vora is a "treating physician," and his opinions are entitled to controlling weight. *Id.*

Upon review, however, Dr. Vora only treated Plaintiff on one occasion, January 8, 2015, as a part of an RFC evaluation. (Tr. 751-764). As such, there has been no demonstration Dr. Vora qualifies as a "treating physician" such that his opinions are entitled to controlling weight.

6

Furthermore, the ALJ did fully consider Dr. Vora's findings. (Tr. 18-19). However, as the ALJ noted, Dr. Vora's opinions were only afforded "very little weight" because he was a "one-time, non-treating source" whose findings "differ from those of other examining physicians." Based upon this review, the Court finds no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of June 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE